UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR PEREZ,

                                    Plaintiff,

                                                                             DECISION AND ORDER

                                                                              10-CV-6216L

                           v.

COUNTY OF MONROE,
DR. ROBERT STERN,

                                   Defendants.
_____

Plaintiff, Hector Perez, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued the County of Monroe (New York) ("County") and one individual defendant, Dr. Robert Stern, alleging that his constitutional rights were violated in connection with certain psychiatric treatment that plaintiff received in 2008, while plaintiff was confined in the Monroe County Jail ("Jail").

The County has moved for a judgment on the pleadings, dismissing the complaint against it pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

**DISCUSSION**

**I. Motions to Dismiss Pursuant to Fed. R. Civ. Proc. 12(c)**

"In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6). Under that test, a court must accept the allegations contained in the

complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). However, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)).

**II. Application to Plaintiff's Claims**

Applying those standards here, it is clear that plaintiff's claims against the County must be dismissed. Plaintiff alleges that he suffers from certain medical or psychiatric conditions, for which he had been prescribed the drug Seroquel. Complaint ¶ 11. He alleges that while he was at the Jail, Dr. Stern, who is a psychiatrist, discontinued the administration of Seroquel, and that plaintiff was told by a nurse at the Jail that the reason was that Seroquel was "too expensive." Complaint ¶ 12.

Plaintiff alleges that Dr. Stern prescribed the drugs Risperdal and Vistaril for plaintiff. Plaintiff alleges that those drugs caused a number of adverse side effects, particularly pain in his joints. Complaint ¶ 16. Plaintiff alleges that he complained to Dr. Stern about the side effects but that Stern refused to change his medication. Complaint ¶¶ 19, 20.

Plaintiff alleges that Dr. Stern's actions violated his rights under the Eighth Amendment to the United States Constitution. He alleges that the County should be held liable because of its "[f]ail[ure] to adequately fund the Monroe County jail sufficient to provide for necessary medical care and treatment for the inmates of the Monroe County jail, including plaintiff ... ." Complaint ¶ 23(a).

Those allegations are insufficient to state a claim against the County. A local government such as Monroe County may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely on the doctrine of *respondeat superior*. *Collins v. City of Marker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694.

To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy").

In the case at bar, the only allegation relating to the purported basis for the County's liability is plaintiff's allegation that a nurse at the Jail told him that he could not continue receiving Seroquel because Seroquel was "too expensive." Complaint ¶ 12. Based on that hearsay statement, plaintiff contends that the County's refusal to provide adequate funding for medication for Jail inmates was a reason for the discontinuance of his Seroquel prescription.

That allegation is not sufficient to state a claim against the County. A single hearsay statement by an unidentified nurse about a particular drug being "too expensive" is not enough, without any additional supporting facts, to make out a facially plausible claim that a County policy caused plaintiff to be subjected to a constitutional violation. *See McDowell v. Brown*, 392 F.3d at 1291-92 (alleged failure of county to properly fund resources necessary to staff county jail did not support § 1983 claim against county).

Although plaintiff argues that "it cannot be said that plaintiff can prove no cause of action arising out of these facts," Plaintiff's Mem. of Law (Dkt. #30) at 5, that is no longer the standard;

plaintiff must allege facts that "nudge[ his] claims across the line from conceivable to plausible ... ." *Twombly*, 550 U.S. at 570. He has not done so. *See Johnson v. Anderson*, No. 1:10-cv1276, 2011 WL 43220, at *2 (S.D.Ind. Jan. 3, 2011) (plaintiffs' conclusory language about county's "policy or custom" violating his constitutional rights without further factual allegations did not suffice to state claim against county) (citing *Twombly*, 550 U.S. at 570).

Plaintiff has also moved for appointment of counsel. Having considered the relevant factors, *see Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986), the Court declines to appoint counsel at this time.

## CONCLUSION

The motion to dismiss filed by the County of Monroe (Dkt. #14) is granted, and plaintiff's claims against the County of Monroe are dismissed.

Plaintiff's motion for appointment of counsel (Dkt. #10) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 24, 2011.