```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

HECTOR PEREZ,

        Plaintiff,

    v.                        **DECISION AND ORDER**
                                  10-CV-6216

COUNTY OF MONROE and
DR. ROBERT STERN,

        Defendants.

## Preliminary Statement

*Pro se* plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, alleging denial of medical care and deliberate indifference to medical needs in violation of his constitutional rights. See Complaint (Docket #1). In his Complaint, plaintiff alleges, *inter alia*, that while he was confined at the Monroe County Jail he experienced severe pain in his hips, shoulders, ankles and knees from being improperly prescribed certain medications. Id. Currently pending before the Court is plaintiff's motion for appointment of counsel. (Docket # 38).

## Discussion

With the instant motion to appoint counsel, plaintiff claims that the appointment of counsel is necessary because, inter alia, he (i) "suffer[s] from mental health disabilities," (ii) lacks knowledge of the law, (iii) "suffer[s] from bipolar, depression and anxiety," and (iv) has "short and long term memory problems."

(Docket # 38). For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 38) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Varricchio v. Cnty. of Nassau, 702 F. Supp. 2d 40, 58-59 (E.D.N.Y. 2010)(plaintiff's allegations that defendants

2

prescribed and administered improper medication that was dangerous to his health states a claim); West v. Brickman, No. 07- CV-7260 (PKC) (DF), 2008 WL 3303773, at *4-5 (S.D.N.Y. Aug. 6, 2008)(plaintiff's claims that defendants were indifferent to her medical needs and failed to provide prescribed pain and blood pressure medication satisfied the threshold showing of merit); Brown v. Austin, No. 05 Civ. 9443 PKC/RLE, 2006 WL 278185, at *1-2 (S.D.N.Y. Feb. 3, 2006)(plaintiff's allegations that he was intentionally denied access to medical care might have merit). However, having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff's Complaint is detailed in nature and adequately describes the events that led to his alleged injuries. The factual circumstances surrounding plaintiff's claims do not appear to be unusually complicated. See Martino v. Westchester Cnty. Dep't of Corrs., No. 06 Civ. 9900PKCRLE, 2007 WL 958516, at *1 (S.D.N.Y. Mar. 28, 2007)(denying plaintiff's application for appointment of counsel after finding that her claims of deliberate medical indifference in her civil rights complaint "d[id] not present novel or complex legal issues"). At

least at this point in time, plaintiff has shown that he is capable of prosecuting his case, as he has drafted coherent and appropriate pleadings, has drafted motion papers supported by legal research (see Docket # 30), and appears equipped to understand the litigation process. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"); Harris v. McGinnis, No. 02 Civ. 6481(LTSDF), 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying application after finding that plaintiff seemed capable of understanding and presenting the legal issues raised by his claims, as his papers were clear, addressed relevant issues and cited pertinent case law); Avent v. Solfaro, 210 F.R.D. 91, 93-94 (S.D.N.Y. 2002)(where plaintiff demonstrated his ability to present facts, draft pleadings and motions "backed by legal research," court declined to appoint counsel); Walters v. NYC Health Hosp. Corp., No. 02 Civ. 751 (JGKDF), 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002)(finding that plaintiff's "purported disability has not significantly hampered Plaintiff's ability to prosecute his case to date").

Plaintiff's *pro se* Complaint sets forth in a clear and coherent way the facts of his treatment, the claimed error in medications and the damage the medications errors allegedly caused. Given the limited resources available with respect to *pro bono*

counsel, I find no "special reason" why appointment of counsel at this stage would be more likely to lead to a just determination. See Harris v. McGinnis, 2003 WL 21108370, at *2 (application denied where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Finally, all the deadlines in the Court's Amended Scheduling Order (Docket # 37) entered in January 2012 have expired.  Neither party has requested an extension of time regarding discovery and defense counsel has not made a dispositive motion or indicated an intention to do so.  Accordingly, this Court will transfer the file to Judge Larimer so that a trial date may be established.  Should Judge Larimer determine that the appointment of counsel would provide substantial assistance to plaintiff during trial he may, of course, revisit the appointment of counsel issue at that time.

## Conclusion

Plaintiff's motion to appoint counsel (Docket # 38) is **denied without prejudice to renew.**
**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 13, 2012
Rochester, New York