UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HECTOR PEREZ,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                           10-CV-6216L

              v.

COUNTY OF MONROE,
DR. ROBERT STERN,


                              Defendants.
_____


       Plaintiff Hector Perez, appearing *pro se*, filed this action under 42 U.S.C. § 1983, alleging claims arising out of certain events that occurred during 2008, while plaintiff was confined at the Monroe County (New York) Jail ("Jail").  At the time that he filed the complaint in this action, plaintiff was an inmate in the custody of the New York Department of Correctional Services, but he has apparently been released from custody.  *See* New York State Inmate Lookup, http://nysdoccslookup.doccs.ny.gov.  His current address on the docket sheet for this case is a street address in Rochester, New York.

       Defendants, Dr. Robert Stern, has moved for summary judgment.  Plaintiff has not responded to the motion.[1]

---

[1] By Order entered on February 24, 2011 (Dkt. #32), the Court dismissed plaintiff's claims against the other originally-named defendant, the County of Monroe.

**DISCUSSION**

Rule 56(e) of the Federal Rules of Civil Procedure provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule 56 also provides that all material facts set forth in the movant's statement of material facts "will be deemed admitted unless controverted by the statement required to be served by the opposing party." Local Rule 7.1(e) mandates that the party opposing a summary judgment motion file an answering memorandum and supporting affidavit, and further states that "[f]ailure to comply ... may constitute grounds for resolving the motion against the non-complying party."

In the case at bar, both defendant and the Court gave ample notice to plaintiff of the consequences of failing to respond to defendants' motion. See Def. *Pro Se* Notice (Dkt. #48 at 1) and Order & Notice to Pro Se Plaintiff (Dkt. #49). Therefore, the Court may assume the truth of defendants' factual assertions, and proceed to determine whether, based upon those facts, summary judgment for defendants is warranted. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see, e.g., Morrison v. Dr. Pepper Snapple Group*, ___ F.Supp.2d ___, 2013 WL 135285, at *1 (W.D.N.Y. Jan. 9, 2013).

The gist of plaintiff's claims is that during his several-month stay at the Jail, he requested, but was denied, a particular medication, Seroquel, and that he was instead prescribed and administered a different drug, Risperdal, which he claims caused certain undesirable side effects. Plaintiff alleges that defendant Dr. Stern was deliberately indifferent to plaintiff's serious medical needs.

In his statement of material facts (Dkt. #48 at 4-8), defendant asserts that Dr. Stern, who worked for the Jail on a contract basis, informed plaintiff that he could not prescribe Seroquel for plaintiff's psychiatric problems, because pursuant to Jail policy, Dr. Stern could only prescribe medications in the Jail's formulary, which at that time did not include Seroquel. *See id.* ¶¶ 7, 8.

With plaintiff's consent, Dr. Stern instead prescribed a generally equivalent drug, Risperdal, along with another drug, Vistaril, to counteract some of the negative side effects of Risperdal. *Id.* ¶¶ 8, 9.

Plaintiff alleges that shortly after he started taking those two drugs, he began suffering from severe joint pain. Plaintiff further alleges that the medications prescribed by Dr. Stern caused him to develop arthritis, which was responsible for those symptoms. Complaint ¶ 21. Defendants, however, have submitted evidence that plaintiff's medical records reveal a "progressive, degenerative osteoarthritis which was not caused by the medications Dr. Stern prescribed ... ." Dkt. #48 ¶ 21.

As stated, given plaintiff's failure to respond to defendant's motion, the Court may assume the truth of defendant's factual allegations in support of his summary judgment motion. Those facts show that Dr. Stern did not act culpably or in violation of plaintiff's rights.

Even without assuming the truth of defendant's factual assertions, however, I would find that defendant is entitled to summary judgment. At most, plaintiff's allegations reveal a "mere disagreement over [his] proper treatment," which does not give rise to a constitutional violation. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). That falls far short of the deliberate indifference, entailing a wanton intent to inflict pain, that is necessary to state a claim under the Eighth Amendment for denial of proper medical care. *See Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *Frank v. County of Ontario*, 884 F.Supp.2d 11, 18 (W.D.N.Y. 2012). Plaintiff's claim must therefore be dismissed.

## CONCLUSION

Defendant Dr. Robert Stern's motion for summary judgment (Dkt. #48) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 21, 2013.